**REESE LLP**
Michael R. Reese (Cal. Bar No. 206773)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
*mreese@reesellp.com*

*Counsel for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUEL PITTS, individually and on behalf of all others similarly situated, | Case No.: **'26 CV 2977 WQH DDL** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| INSTRUCTURE, INC., | |
| Defendant. | |

- 1 -

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jaquel Pitts ("Plaintiff") brings this class action against Defendant Instructure, Inc.  ("Defendant") for its failure to properly secure and safeguard , personally identifiable information ("PII"), stored within Defendant's information network.

## **INTRODUCTION**

1.    Defendant is a "cloud-based education technology company best known for its Canvas learning management system, which schools and universities use to manage coursework, assignments, grading, and communication".[1]

2.    Defendant acquired, collected, and stored  PII.

3.    At all relevant times, Defendant knew, or should have known, that Plaintiff and Class Members would use Defendant's services to store and/or share sensitive data, including highly confidential PII.

4.    On no later than April 30, 2026, upon information and belief, unauthorized third-party cybercriminals gained access to  PII as hosted with Defendant, with the intent of engaging in the misuse of the PII, including marketing and selling  PII.[2]  As reported on a tech website:

> On 30 April, hackers exploited a vulnerability in the systems of Instructure, the company that makes Canvas, the learning management system used by 41 per cent of higher education institutions across North America.
>
> The criminal group ShinyHunters, which previously orchestrated the Snowflake supply chain attacks that compromised Ticketmaster and AT&T, claims to have stolen 3.65 terabytes of data affecting 275 million users across nearly 9,000 educational institutions worldwide, including private messages between students, teachers, and staff".[3]

---

[1] *See* https://www.bleepingcomputer.com/news/security/instructure-hacker-claims-data-theft-from-8-800-schools-universities/ (last accessed on May 11, 2026 ).
[2] *See* https://thenextweb.com/news/the-largest-education-data-breach-in-history-was-not-an-attack-on-a-school-it-was-an-attack-on-a-vendor (last accessed on May 11, 2026).
[3] *Id*.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

5. The total number of individuals who have had their data exposed due to Defendant's failure to implement appropriate security safeguards is approximately 275 million.[4]

6. According to the National Institute of Standards and Technology SP 800-122, personally identifiable information ("PII") is: any information about an individual maintained by an agency, including (1) any information that can be used to distinguish or trace an individual's identity, such as name, social security number, date and place of birth, mother's maiden name, or biometric records; and (2) any other information that is linked or linkable to an individual, such as medical, educational, financial, and employment information.

7. The vulnerable and potentially exposed data at issue belonging to Plaintiff and the Class stored on Defendant's information network, includes, without limitation: names, email addresses, student ID numbers, and some user messages.[5]

8. Defendant disregarded the rights of Plaintiff and Class Members by intentionally, willfully, recklessly, or negligently failing implement adequate and reasonable measures to ensure that Plaintiff and Class Member's PII was safeguarded, failing to take available steps to prevent unauthorized disclosure of data, and failing to follow applicable, required and appropriate protocols, policies and procedures regarding the encryption of data, including information maintained for internal use only.

9. As a result, Plaintiff and Class Members' PII was compromised through disclosure to an unknown and unauthorized third party—an undoubtedly nefarious third party that seeks to profit off this disclosure by defrauding Plaintiff and Class Members in the future.

---

[4] *See* https://securityaffairs.com/191686/cyber-crime/educational-tech-firm-instructure-data-breach-may-have-impacted-9000-schools.html (last accessed on May 11, 2026).

[5] *Id.*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

10.    Plaintiff and Class Members have a continuing interest in ensuring that their information is and remains safe, and they are thus entitled to injunctive and other equitable relief.

## JURISDICTION AND VENUE

11.    Jurisdiction is proper in this Court under 28 U.S.C. §1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one class member is a citizen of a state different from Defendant.

12.    Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. §1367.

13.    Defendant is headquartered and routinely conducts business in the State where this district is located, has sufficient minimum contacts in this State, and has intentionally availed itself of this jurisdiction by marketing and selling products and services, and by accepting and processing payments for those products and services within this State.

14.    Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events that gave rise to Plaintiff's claims occurred within this District, and Defendant does business in this Judicial District.

## THE PARTIES

**Plaintiff Jaquel Pitts**

15.    Plaintiff Jaquel Pitts is an adult individual and, at all relevant times herein, a resident and citizen of California, residing in San Diego, California. Plaintiff is a victim of the Data Breach.

16.    Plaintiff's information was stored with Defendant as a result of his dealings with Defendant while attending several educational institutions.

- 4 -

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

17. As required in order to obtain services from Defendant, Plaintiff provided Defendant with personal information, which it possessed and controlled.

18. As a result, Plaintiff's information was among the data accessed by an unauthorized third-party in the Data Breach.

19. At all times herein relevant, Plaintiff is and was a member of the Class.

20. As a result, Plaintiff was injured in the form of lost time dealing with the consequences of the Data Breach, which included and continues to include, among others, time spent verifying the legitimacy and impact of the Data Breach and time spent seeking legal counsel regarding his options for remedying and/or mitigating the effects of the Data Breach.

21. Plaintiff was also injured by the material risk to future harm due to the Data Breach. This risk is imminent and substantial because Plaintiff's data has been exposed in the breach, the data involved presents a risk of identity theft or fraud and it is likely, given Defendant's clientele, that some of the his information that has been exposed has already been misused.

22. Plaintiff suffered actual injury in the form of damages to, and diminution in the value of, his PII—a condition of intangible property that he entrusted to Defendant, which was compromised in and as a result of the Data Breach.

23. Plaintiff, as a result of the Data Breach, has increased anxiety over the loss of privacy and anxiety over the impact of cybercriminals accessing, using, and selling his PII.

24. Plaintiff has suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft and misuse resulting from his PII, in combination with his name being placed in the hands of unauthorized third parties/criminals.

25. Plaintiff has a continuing interest in ensuring that his PII, which upon

- 5 -

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

information and belief remains backed up in Defendant's possession, is protected and safeguarded from future breaches.

**Defendant Instructure, Inc.**

26.     Defendant is a Delaware corporation with its headquarters and principal place of business located at 6330 South 3000 East, Suite 700, Salt Lake City, Utah 84720.

**CLASS ACTION ALLEGATIONS**

27.     Plaintiff brings this action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and the following Class:

> All individuals within the United States of America whose PII was exposed to unauthorized third-parties as a result of the Data Breach experienced by Defendant.

28.     Excluded from the Class are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments, including but not limited to its departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as its immediate family members.

29.     Plaintiff reserves the right to amend the above definitions or to propose subclasses in subsequent pleadings and motions for class certification.

30.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed classes is easily ascertainable.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

31.   Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy, as the members of the Class are so numerous that joinder of all members is impractical, if not impossible.

32.   Commonality: Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law that predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

a.   Whether Defendant had a legal duty to Plaintiff and the Class to exercise due care in collecting, storing, using and/or safeguarding their PII;

b.   Whether Defendant knew or should have known of the susceptibility of its data security systems to a data breach;

c.   Whether Defendant's security procedures and practices to protect its systems were reasonable in light of the measures recommended by data security experts;

d.   Whether Defendant's failure to implement adequate data security measures allowed the Data Breach to occur;

e.   Whether Defendant failed to comply with its own policies and applicable laws, regulations and industry standards relating to data security;

f.   Whether Defendant adequately, promptly and accurately informed Plaintiff and Class Members that their PII had been compromised;

g.   How and when Defendant actually learned of the Data Breach;

h.   Whether Defendant's conduct, including its failure to act, resulted in or was the proximate cause of the breach of its systems, resulting in the loss of the PII of Plaintiff and Class Members;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

      i.     Whether Defendant adequately addressed and fixed the vulnerabilities that permitted the Data Breach to occur;

      j.     Whether Defendant engaged in unfair, unlawful, or deceptive practices by failing to safeguard the PII of Plaintiff and Class Members;

      k.     Whether Plaintiff and Class Members are entitled to actual or statutory damages, injunctive, corrective and/or declaratory relief, and/or an accounting as a result of Defendant's wrongful conduct and

      l.     Whether Plaintiff and Class Members are entitled to restitution as a result of Defendant's wrongful conduct.

33. Typicality: Plaintiff's claims are typical of the claims of the Class. Plaintiff and all members of the Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

34. Adequacy of Representation: Plaintiff in this class action is an adequate representative of the Class in that the Plaintiff has the same interest in the litigation of this case as the Class Members, is committed to the vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature.

35. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other Class Members or the class in its entirety. Plaintiff anticipates no management difficulties in this litigation.

36. Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member make or may make it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

individual member of the Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants.

37.    The prosecution of separate actions would also create a risk of inconsistent rulings that might be dispositive of the interests of the Class Members who are not parties to the adjudications and/or may substantially impede their ability to protect their interests adequately.

38.    This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to Class Members, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class in its entirety.

39.    Defendant's policies and practices challenged herein apply to and affect Class Members uniformly and Plaintiff's challenge of these policies and practices hinges on Defendant's conduct with respect to the Class in its entirety, not on facts or law applicable only to Plaintiff.

40.    Unless a Class-wide injunction is issued, Defendant may continue failing to properly secure the PII of Class Members and Defendant may continue to act unlawfully as set forth in this Complaint.

41.    Further, Defendant has acted or refused to act on grounds generally applicable to the Class and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# COMMON FACTUAL ALLEGATIONS

## The Data Breach

42.   Upon information and belief, around April 29, 2026, Defendant discovered the Data Breach, which it believed occurred around April 25, 2026.

43.   Upon information and belief, the unauthorized third-party cybercriminals gained access to Plaintiff and Class Member's PII with the intent of engaging in the misuse of the PII, including marketing and selling Plaintiff and Class Member's PII.

44.   Defendant had and continues to have obligations under applicable federal and state law as set forth herein, reasonable industry standards, common law, its own assurances and representations to keep Plaintiff and Class Member's PII confidential and to protect such PII from unauthorized access.

45.   Plaintiff and Class Members were required to provide their PII to Defendant as a result of their dealings, and in furtherance of this relationship, Defendant created, collected and stored Plaintiff and Class Members with their reasonable expectation that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

46.   Despite this, Plaintiff and the Class Members remain, even today, in the dark regarding what particular data was stolen, the particular malware used, and what steps are being taken, if any, to secure their PII going forward.

47.   Plaintiff and Class Members are thus left to speculate as to where their PII ended up, who has used it and for what potentially nefarious purposes, the full impact of the Data Breach and how exactly Defendant intends to enhance its information security systems and monitoring capabilities to prevent further breaches.

48.   Unauthorized individuals can now easily access the PII and/or financial information of Plaintiff and Class Members.

- 10 -

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**Defendant Collected/Stored Class Members' PII**

49. Defendant acquired, collected and stored, and assured reasonable security over, Plaintiff and Class Member's PII.

50. As a condition of its relationships with Plaintiff and Class Members, Defendant required that Plaintiff and Class Members entrust Defendant with highly sensitive and confidential PII.

51. Defendant, in turn, stored that information in the part of Defendant's system that was ultimately affected by the Data Breach.

52. By obtaining, collecting, and storing Plaintiff and Class Member's PII, Defendant assumed legal and equitable duties and knew or should have known that they were thereafter responsible for protecting Plaintiff and Class Member's PII from unauthorized disclosure.

53. Plaintiff and Class Members have taken reasonable steps to maintain the confidentiality of their PII.

54. Plaintiff and Class Members relied on Defendant to keep their PII confidential and securely maintained, to use this information for business purposes only and to make only authorized disclosures of this information.

55. Defendant could have prevented the Data Breach, which upon information and belief began around April 25, 2026, by adequately securing and encrypting Plaintiff and Class Member's PII.

56. Defendant's negligence in safeguarding Plaintiff and Class Member's PII is exacerbated by repeated warnings and alerts directed to protecting and securing sensitive data, as evidenced by the trending data breach attacks in recent years.

57. Yet, despite the prevalence of public announcements of data breach and data security compromises, Defendant failed to take appropriate steps to protect Plaintiff and Class Member's PII from being compromised.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**Defendant Had an Obligation to Protect the Stolen Information**

58.    Defendant's failure to adequately secure Plaintiff and Class Member's personal data breaches duties it owes Plaintiff and Class Members under statutory and common law. Defendant was also prohibited by the Federal Trade Commission Act (the "FTC Act") (15 U.S.C. § 45) from engaging in "unfair or deceptive acts or practices in or affecting commerce."[6]

59.    In addition to its obligations under federal and state laws, Defendant owed a duty to Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting the PII in Defendant's possession from being compromised, lost, stolen, accessed and misused by unauthorized persons.

60.    Defendant owed a duty to Plaintiff and Class Members to provide reasonable security, including consistency with industry standards and requirements, and to ensure that its computer systems, networks and protocols adequately protected the PII of Plaintiff and Class Members.

61.    Defendant owed a duty to Plaintiff and Class Members to design, maintain and test its computer systems, servers and networks to ensure that the PII was adequately secured and protected.

62.    Defendant owed a duty to Plaintiff and Class Members to create and implement reasonable data security practices and procedures to protect the PII in its possession, including not sharing information with other entities who maintained sub-standard data security systems.

63.    Defendant owed a duty to Plaintiff and Class Members to implement processes that would immediately detect a breach in its data security systems in a

---

[6] The Federal Trade Commission (the "FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. *See, e.g., FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

timely manner.

64.    Defendant owed a duty to Plaintiff and Class Members to act upon data security warnings and alerts in a timely fashion.

65.    Defendant owed a duty to Plaintiff and Class Members to disclose if its computer systems and data security practices were inadequate to safeguard individuals' PII from theft because such an inadequacy would be a material fact in the decision to entrust this PII and/or financial information to Defendant.

66.    Defendant owed a duty of care to Plaintiff and Class Members because they were foreseeable and probable victims of any inadequate data security practices.

67.    Defendant owed a duty to Plaintiff and Class Members to encrypt and/or more reliably encrypt Plaintiff and Class Member's PII and to monitor user behavior and activity in order to identify possible threats.

**Value of the Relevant Sensitive Information**

68.    PII is a valuable commodity for which a "cyber black market" exists in which criminals openly post stolen payment card numbers, Social Security numbers and other personal information on several underground internet websites.

69.    Numerous sources cite dark web pricing for stolen identity credentials; for example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200[7]; a stolen credit or debit card number can sell for $5 to $110 on the dark web[8]; and other sources report that criminals can also purchase access to entire company data breaches anywhere from

---

[7] *Your personal data is for sale on the dark web. Here's how much it costs,* Digital Trends, Oct. 16, 2019, *available at*: https://www.digitaltrends.com/computing/personal-data-sold-on-the-dark-web-how-much-it-costs/ (last accessed May 11, 2026).

[8] *Here's How Much Your Personal Information Is Selling for on the Dark Web*, Experian, Dec. 6, 2017, *available at*: https://www.experian.com/blogs/ask-experian/heres-how-much-your-personal-information-is-selling-for-on-the-dark-web/ (last accessed May 11, 2026 ).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

$999 to $4,995.[9]

70.     Identity thieves can use PII, such as that of Plaintiff and Class Members, which Defendant failed to keep secure, to perpetrate a variety of crimes that harm victims—for instance, identity thieves may commit various types of government fraud such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits or filing a fraudulent tax return using the victim's information to obtain a refund.

71.     There may be a time lag between when harm occurs versus when it is discovered, and also between when PII is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data might be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[10]

72.     Here, Defendant knew of the importance of safeguarding PII and of the foreseeable consequences that would occur if Plaintiff and Class Member's PII was stolen, including the significant costs that would be placed on Plaintiff and Class Members as a result of a breach of this magnitude.

73.     As detailed above, Defendant is a sophisticated organization with the resources to deploy robust cybersecurity protocols. It knew, or should have known,

---

[9] *In the Dark*, VPNOverview, 2019, *available at*: https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark/ (last accessed May 11, 2026).

[10] *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:* http://www.gao.gov/new.items/d07737.pdf (last accessed May 11, 2026).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

that the development and use of such protocols were necessary to fulfill its statutory and common law duties to Plaintiff and Class Members. Therefore, its failure to do so is intentional, willful, reckless and/or grossly negligent.

74. Defendant disregarded the rights of Plaintiff and Class Members by, *inter alia*, (i) intentionally, willfully, recklessly or negligently failing to take adequate and reasonable measures to ensure that its network servers were protected against unauthorized intrusions; (ii) failing to disclose that it did not have adequately robust security protocols and training practices in place to adequately safeguard Plaintiff and Class Member's PII and (iii) failing to take standard and reasonably available steps to prevent the Data Breach.

## CLAIMS FOR RELIEF

### COUNT ONE
**Negligence**
**(On behalf of the Class)**

75. Plaintiff realleges and reincorporates every allegation set forth in the preceding paragraphs as though fully set forth herein.

76. At all times herein relevant, Defendant owed Plaintiff and Class Members a duty of care, *inter alia*, to act with reasonable care to secure and safeguard their PII and to use commercially reasonable methods to do so. Defendant took on this obligation upon accepting and storing the PII of Plaintiff and Class Members in its computer systems and on its networks.

77. Among these duties, Defendant was expected:

    a.    to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting the PII in its possession;

    b.    to protect Plaintiff and Class Member's PII using reasonable and adequate security procedures and systems that were/are compliant with industry-standard practices;

    c.    to implement processes to detect the Data Breach quickly and to

timely act on warnings about data breaches; and

    d.    to promptly notify Plaintiff and Class Members of any data breach, security incident or intrusion that affected or may have affected their PII.

78. Because Defendant knew that the PII was private and confidential and should be protected as such, Defendant owed a duty of care not to subject Plaintiff and Class Members to an unreasonable risk of harm due to inadequate security practices.

79. Defendant knew, or should have known, of the risks inherent in collecting and storing PII, the vulnerabilities of its data security systems, and the importance of adequate security.

80. Defendant knew, or should have known, about the numerous, well-publicized data breaches that have been occurring for years now.

81. Defendant knew, or should have known, that its data systems and networks did not adequately safeguard Plaintiff and Class Member's PII.

82. Only Defendant was in the position to ensure that its systems and protocols were sufficient to protect the PII that Plaintiff and Class Members had entrusted to it.

83. Defendant breached its duties to Plaintiff and Class Members by failing to provide fair, reasonable or adequate computer systems and data security practices to safeguard their PII.

84. Because Defendant knew that a breach of its systems could damage thousands of individuals, including Plaintiff and Class Members, Defendant had a duty to adequately protect its data systems and the PII contained therein.

85. Plaintiff and Class Member's willingness to entrust Defendant with their PII was predicated on the understanding that Defendant would take adequate security precautions.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

86. Moreover, only Defendant had the ability to protect its systems and the PII it stored on them from attack. Thus, Defendant had a special relationship with Plaintiff and Class Members.

87. Defendant also had independent duties under state and federal laws that required Defendant to reasonably safeguard Plaintiff and Class Member's PII and promptly notify them about the Data Breach. These "independent duties" are untethered to any contract between Defendant, Plaintiff, and/or the remaining Class Members.

88. Defendant breached its general duty of care to Plaintiff and Class Members in, but not necessarily limited to, the following ways:

a. by failing to provide fair, reasonable or adequate computer systems, as well as data security practices, to safeguard the PII of Plaintiff and Class Members;

b. by failing to timely and accurately disclose that Plaintiff and Class Member's PII had been improperly acquired or accessed;

c. by failing to adequately protect and safeguard the PII by knowingly disregarding standard information security principles despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII;

d. by failing to provide adequate supervision and oversight of the PII with which it was entrusted in spite of the known risk and foreseeable likelihood of breach and misuse that permitted an unknown third party to gather PII of Plaintiff and Class Members, misuse the PII and intentionally disclose it to others without consent;

e. by failing to adequately train its employees not to store PII longer than absolutely necessary;

f. by failing to consistently enforce security policies aimed at protecting Plaintiff's and the Class Members' PII;

- 17 -

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

g.      by failing to implement processes to detect data breaches, security incidents or intrusions quickly and

h.      by failing to encrypt Plaintiff and Class Member's PII and monitor user behavior and activity in order to identify possible threats.

89.    Defendant's willful failure to abide by these duties was wrongful, reckless and  grossly negligent in light of the foreseeable risks and known threats.

90.    As a proximate and foreseeable result of Defendant's grossly negligent conduct, Plaintiff and Class Members have suffered damages and are at imminent risk of additional harms and damages.

91.    The law further imposes an affirmative duty on Defendant to timely disclose the unauthorized access and theft of the PII to Plaintiff and Class Members so that they can take appropriate measures to mitigate damages, protect against adverse consequences and thwart future misuse of their PII.

92.    To date, Defendant has not provided sufficient information to Plaintiff and Class Members regarding the extent of the unauthorized access and continues to breach its disclosure obligations to Plaintiff and Class Members.

93.    Further, through its failure to provide timely and clear notification of the Data Breach to Plaintiff and Class Members, Defendant prevented Plaintiff and Class Members from taking meaningful, proactive steps to secure their PII.

94.    There is a close causal connection between Defendant's failure to implement security measures to protect the PII of Plaintiff and Class Members and the harm suffered, including the risk of imminent harm that Plaintiff and Class Members continue to suffer.

95.    Plaintiff and Class Member's PII was accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such PII by not adopting, implementing and maintaining appropriate security measures.

- 18 -

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

96.    Defendant's wrongful actions, inactions and omissions constituted (and continue to constitute) common law negligence.

97.    The damages Plaintiff and Class Members have suffered and will continue to suffer are the direct and proximate result of Defendant's grossly negligent conduct.

98.    As a direct and proximate result of Defendant's negligence and negligence *per se*, Plaintiff and Class Members have suffered, and will continue to suffer, injury, including but not limited to: (i) actual identity theft; (ii) the loss of the opportunity of how their PII is used; (iii) the compromise, publication and/or theft of their PII; (iv) out-of-pocket expenses associated with the prevention, detection and recovery from identity theft, tax fraud and/or unauthorized use of their PII; (v) lost opportunity costs associated with the effort they have expended, as well as the loss of productivity, addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to, efforts spent researching how to prevent, detect, contest and recover from embarrassment and identity theft; (vi) the continued risk of further unauthorized disclosures of their PII remaining in Defendant's possession so long as Defendant fails to undertake appropriate and adequate measures to protect Plaintiff and Class Member's PII in its continued possession and (vii) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest and repair the impact of the PII compromised as a result of the Data Breach for the remainder Plaintiff and Class Members' lives.

99.    As a direct and proximate result of Defendant's negligence and negligence *per se*, Plaintiff and Class Members have suffered and will continue to suffer other forms of injury and/or harm, including but not limited to, anxiety, emotional distress, loss of privacy and other economic/non-economic losses.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT TWO
### Breach of Implied Contract
### (On behalf of the Class)

100.   Plaintiff realleges and reincorporates every allegation set forth in the preceding paragraphs as though fully set forth herein.

101.   Through its course of conduct, Defendant, Plaintiff and Class Members entered into implied contracts for Defendant to implement data security adequate to safeguard and protect the privacy of Plaintiff and Class Member's PII.

102.   Defendant required Plaintiff and Class Members to provide and entrust their PII as a condition of obtaining Defendant's services.

103.   Defendant solicited and invited Plaintiff and Class Members to provide their PII as part of Defendant's regular business practices.

104.   Plaintiff and Class Members accepted Defendant's offers and provided their PII to Defendant.

105.   As a condition of their relationship with Defendant, Plaintiff and Class Members provided and entrusted their PII to Defendant.

106.   In so doing, Plaintiff and Class Members entered into implied contracts with Defendant by which Defendant agreed to safeguard and protect such non-public information to keep such information secure and confidential, and to timely and accurately notify Plaintiff and Class Members if their data had been breached and compromised or stolen.

107.   A meeting of the minds occurred when Plaintiff and Class Members agreed to, and did, provide their PII to Defendant, in exchange for, amongst other things, the protection of their PII.

108.   Plaintiff and Class Members fully performed their obligations under the implied contracts with Defendant to provide it with their PII in order to obtain Defendant's services.

109.   Defendant breached its implied contracts with Plaintiff and Class

- 20 -

Members by failing to safeguard and protect their PII and by failing to provide timely and accurate notice to them that their PII was compromised as a result of the Data Breach.

110. As a direct and proximate result of Defendant's above-described breach of implied contract, Plaintiff and Class Members have suffered (and will continue to suffer) (a) ongoing, imminent and impending threat of identity theft crimes, fraud and abuse resulting in monetary loss and economic harm; (b) actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; (c) loss of the confidentiality of the stolen confidential data; (d) the illegal sale of the compromised data on the dark web; (e) lost work time and (f) other economic/non-economic harm.

## COUNT THREE
### Breach of the Implied Covenant of Good Faith and Fair Dealing  (On behalf of the Class)

111. Plaintiff realleges and reincorporates every allegation set forth in the preceding paragraphs as though fully set forth herein.

112. Every State within the United States recognizes an implied covenant of good faith and fair dealing by parties to contracts, which is an independent duty and may be breached even when there is no breach of a contract's express terms.

113. Plaintiff and Class Members have complied with and performed all conditions of their contracts with Defendant.

114. Defendant breached the implied covenant of good faith and fair dealing by failing to maintain adequate computer systems and data security practices to safeguard PII, failing to timely and accurately disclose the Data Breach to Plaintiff and Class Members and continued acceptance of PII and storage of other personal information after Defendant knew, or should have known, of the security vulnerabilities of the systems that were exploited in the Data Breach.

115. Defendant acted in bad faith and/or with malicious motive in denying

- 21 -

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff and Class Members the full benefit of their bargains as originally intended by the parties, thereby causing them injury in an amount to be determined at trial.

## COUNT FOUR
### Unjust Enrichment
### (On behalf of the Class)

116. Plaintiff realleges and reincorporates every allegation set forth in the preceding paragraphs as though fully set forth herein.

117. By its wrongful acts and omissions described herein, Defendant has obtained a benefit by unduly taking advantage of Plaintiff and Class Members.

118. Defendant, prior to and at the time Plaintiff and Class Members entrusted their PII to Defendant, caused Plaintiff and Class Members to reasonably believe that Defendant would keep such PII secure.

119. Defendant was aware, or should have been aware, that reasonable consumers expect that their PII be kept secure and would not have contracted with Defendant, directly or indirectly, had they known that Defendant's information systems were sub-standard for that purpose.

120. Defendant was also aware that, if the substandard condition of and vulnerabilities in its information systems were disclosed, it would negatively affect Plaintiff and Class Member's decisions to seek services from it.

121. Defendant failed to disclose facts pertaining to its substandard information systems, including any defects and vulnerabilities contained therein, before Plaintiff and Class Members made their decisions to use Defendant's services.

122. Instead, Defendant suppressed and concealed such information. By concealing and suppressing such information, Defendant denied Plaintiff and Class Members the ability to make a rational and informed purchasing and servicing decision and took undue advantage of Plaintiff and Class Members.

123. Defendant was unjustly enriched at the expense of Plaintiff and Class Members, as Defendant received profits, benefits, and compensation, in part, and in

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

exchange Plaintiff and Class Members did not receive the benefit of their bargain because their PII was not adequately secured.

124. Since Defendant's profits, benefits and other compensation were obtained improperly, Defendant is not legally or equitably entitled to retain any of the benefits, compensation or profits it realized from these transactions.

125. Plaintiff and Class Members seek an Order of this Court requiring Defendant to refund, disgorge and pay as restitution any profits, benefits and other compensation obtained by Defendant from its wrongful conduct and/or the establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of himself and each member of the proposed Class, respectfully request that the Court enter judgment in their favor and for the following specific relief against Defendant as follows:

1. That the Court declare, adjudge, and decree that this action is a proper class action and certify the proposed class under F.R.C.P. Rule 23 (b)(1), (b)(2), and/or (b)(3), including the appointment of Plaintiff's counsel as Class Counsel;

2. For an award of damages, including actual, nominal and consequential damages, as allowed by law in an amount to be determined;

3. That the Court enjoin Defendant, ordering it to cease from unlawful activities;

4. For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff and Class Member's PII, and from refusing to issue complete disclosures to Plaintiff and Class Members;

5. For injunctive relief requested by Plaintiff, including but not limited to, such injunctive and other equitable relief as is necessary to protect the interests of

- 23 -

Plaintiff and Class Members, including but not limited to an Order:

a.   prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

b.   requiring Defendant to protect, including through encryption, all data collected through the course of business in accordance with all applicable regulations, industry standards, and federal, state or local laws;

c.   requiring Defendant to delete and purge the PII of Plaintiff and Class Members unless Defendant can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Plaintiff and Class Members;

d.   requiring Defendant to implement and maintain a comprehensive information security program designed to protect the confidentiality and integrity of PII;

e.   requiring Defendant to engage independent third-party security auditors and internal personnel to run automated security monitoring, simulated attacks, penetration tests and audits on Defendant's systems periodically;

f.   prohibiting Defendant from maintaining PII on a cloud-based database;

g.   requiring Defendant to segment data by creating firewalls and access controls so that, if one area of Defendant's network is compromised, hackers cannot gain access to other portions of Defendant's systems;

h.   requiring Defendant to conduct regular database scanning and securing checks;

- 24 -

i. requiring Defendant to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling PII, as well as protecting the PII of Plaintiff and Class Members;

j. requiring Defendant to implement a system of tests to assess its respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendant's policies, programs, and systems for protecting personal identifying information;

k. requiring Defendant to implement, maintain, review and revise as necessary a threat management program to monitor Defendant's networks for internal and external threats appropriately, and assess whether monitoring tools are properly configured, tested and updated; and

l. requiring Defendant to meaningfully educate all Class Members about the threats they face due to the loss of their confidential personal identifying information to third parties, as well as the steps affected individuals must take to protect themselves;

6. For prejudgment interest on all amounts awarded at the prevailing legal rate;

7. For an award of attorney's fees, costs and litigation expenses as allowed by law and

8. For all other Orders, findings, and determinations identified and sought in this Complaint.

- 25 -

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demands a trial by jury for all issues triable by jury.

Dated: May 12, 2026                    Respectfully submitted,

                                       **REESE LLP**

                              By:    /s/ Michael R. Reese
                                   Michael R. Reese
                                   8484 Wilshire Boulevard
                                   Los Angeles, California 90211
                                   Telephone: (310) 393-0070
                                   mreese@reesellp.com


                              Counsel for Plaintiff and the Class

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL